**FILED**
**CLERK**

9/28/2016 1:28 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RONA ROSEMOND ANSAH,

                Plaintiff,          **ORDER**

    -against-          16-CV-3910(JMA)(ARL)

ATLANTIC SCHOOL OF MEDICINE, New York
Office,

                Defendant.
----------------------------------------------------------------X
RONA ROSEMOND ANSAH,

                Plaintiff,

    -against-          16-CV-3911(JMA)(ARL)

ATLANTIC SCHOOL OF MEDICINE, New York
Office,

                Defendant.
----------------------------------------------------------------X

**AZRACK, United States District Judge:**

      On July 1, 2016, *pro se* plaintiff Rona Rosemond Ansah filed two, single-page, *in forma pauperis* complaints against the Atlantic School of Medicine, New York Office purporting to allege breach of contract, discrimination, and defamation claims. Because the complaints purport to allege claims against the same defendant arising from the same circumstances, the Court consolidates them under the first filed complaint, 16-CV-3910 (JMA)(ARL), and directs that the case assigned docket number 16-3911(JMA)(ARL) be closed. All future filings shall be made only under docket number 16-3910(JMA)(ARL).

      For the reasons that follow, the Court grants plaintiff's requests to proceed *in forma pauperis* and *sua sponte* dismisses her claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed.

R. Civ. P. 12(h) without prejudice.

## I. BACKGROUND[1]

Plaintiff's sparse allegations in each complaint are reproduced here, exactly as they appear in the original, respective complaints. [2]

Anash I alleges:

Rona Rosemond Ansah herein referred to as the Plaintiff presents a complaint against Atlantic University School of medicine New York Admissions as follows:

1. Plaintiff who was admitted to the school by the above office, to whom payment and documents were sent, is suing defendant for the following:

2. Deliberately lying to a government office in an attempt to cover up an abuse of plaintiff by students and some staff of the school she was admitted to.

3. Intimidation of plaintiff to silence her from reporting an abuse she was subjected to at school.

4. Deliberately passing on wrong information with intent to discredit plaintiff to further prevent her from reporting her abuse with the fear that no one will believe her.

5. Plaintiff is suing for defamation and victim intimidation.

(Anash I Compl. at 1.)   Anash II alleges:

Rona Rosemond Ansah herein referred to as the Plaintiff presents a complaint against Atlantic University School of medicine New York Admissions as follows:

1. Plaintiff who was admitted to the school by the above office, to whom payment and documents were sent, was excluded from accessing the portal for a particular course which was key part of students' academic work up to morning of an exam for that course.

2. Though Plaintiff took steps to contact the lecturer responsible for the act including a follow up email, plaintiff was not granted access to the network.

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Errors in spelling, punctuation, and grammar have not been corrected or noted.

3. Plaintiff is suing for Discrimination and exclusion form an all-inclusive academic network and study material intended to provide students with lecture material and study notes for learning and exam purposes and resultant stress from the act.

4. Plaintiff is also suing for breach of contract.

(Anash II Compl. at 1.)  For relief, plaintiff seeks to recover a monetary damages award in each complaint.  Plaintiff demands compensation in Anash I for "emotional distress, mental anguish, damage done to her reputation which has affected her life and career and may affect her offspring" in the amount of one million dollars ($1,000,000).  (Anash I Compl. at 1.)  In Anash II, plaintiff "demands relieve for the tuition and expenses for the school period within which this occurred and compensation for the resultant stress" and seeks an award of fifty thousand dollars ($50,000).  (Anash II Compl. at 1.)

## II.   DISCUSSION

**A.   *In Forma Pauperis* Applications**

Upon review of plaintiff's declarations in support of the applications to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence these actions without prepayment of the filing fees.  28 U.S.C. § 1915(a)(1).  Therefore, plaintiff's applications to proceed *in forma pauperis* are granted.

**B.   Standard of Review**

The *in forma pauperis* statute requires that a court dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the action as soon as it makes such a determination.  28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.     Subject Matter Jurisdiction**

Although plaintiff does not allege subject matter jurisdiction in her complaints, it appears that she seeks to invoke this Court's diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is

lacking.  Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*.  Id.  "If subject matter jurisdiction is lacking, the action must be dismissed."  Id. at 700-01; see also Fed. R. Civ. P. 12(h)(3).  Section 1332 provides that federal court subject matter jurisdiction may be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.  28 U.S.C. § 1332.

Here, plaintiff does not allege the citizenship of either party to this action.  Although "plaintiff's contact details" reflect a Virginia address, she has not alleged that she is a citizen of Virginia.  Nor has plaintiff included allegations as to the citizenship of the defendant.  Rather, plaintiff identifies defendant as having a "New York office."  Further, with regard to Ansah II, she does not allege that the amount in controversy exceeds $75,000.  Accordingly, plaintiff has not established this Court's subject matter jurisdiction under Section 1332.  Given that plaintiff alleges only state law defamation and breach of contract claims, there is no basis to invoke federal question subject matter jurisdiction pursuant to § 1331.  Although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9 (1980), *pro se* litigants must establish subject matter jurisdiction.  See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).  Here, plaintiff's complaints do not establish that this Court has subject matter jurisdiction to adjudicate her claims.  Accordingly, the Court lacks subject matter jurisdiction over plaintiff's complaint and it is thus dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

**D.      State Law Defamation and Breach of Contract Claims**

In order to state a claim for defamation under New York law, a plaintiff must allege "(1) defendant made a false statement; (2) the statement was 'of or concerning' the plaintiff; (3) the statement was published without privilege or authorization to a third party; and (4) the statement caused the plaintiff harm or constituted defamation *per se*." Lore v. City of Syracuse, 583 F. Supp. 2d 345, 383 (N.D.N.Y. 2008) (citing Brian v. Richardson, 87 N.Y.2d 46, 51, 637 N.Y.S.2d 347, 660 N.E.2d 1126 (1995); Dillon v. City of New York, 261 A.D.2d 34, 38, 704 N.Y.S.2d 1 (1st Dep't 1999). The plaintiff must allege in the "complaint the particular words giving rise to h[is] claim. Id. (citing N.Y. C.P.L.R. § 3016(a) (2008)). "Additionally, a defamation plaintiff in New York must set forth in her complaint the time, place, manner of the allegedly defamatory statement as well as the persons to whom the statement was made. Id. (citing Balduzzi v. City of Syracuse, No. 96-CV-824, 1997 WL 52434, at *6 (N.D.N.Y. Feb. 4, 1997) (citing Vardi v. Mut. Life Ins. Co. of New York, 136 A.D.2d 453, 455, 523 N.Y.S.2d 95 (1st Dep't 1988)); Dillon, 261 A.D.2d at 38, 704 N.Y.S.2d 1 (additional citation omitted)).

"In order to state a breach of contract claim under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996); see also Terwilliger v. Terwilliger, 206 F.3d 240, 245-46 (2d Cir. 2000); In re Stillwater Capital Partners Inc., 851 F. Supp. 2d 556, 570 (S.D.N.Y. 2012); Dover Ltd. v. A.B. Watley, Inc., 423 F. Supp. 2d 303, 329 (S.D.N.Y. 2006). Here, as is readily apparent, plaintiff's sparse allegations fail to provide the specific defamatory statements that were allegedly made. Nor does plaintiff allege sufficient facts from which a plausible breach of contract claim may be construed. Accordingly, plaintiff has not alleged a plausible defamation or breach of contract

6

claim and thus her claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(2).

Plaintiff is granted leave to amend her claims in accordance with this Order and to allege a proper basis to invoke this Court's subject matter jurisdiction. Alternatively, plaintiff may pursue any valid claims she may have against the defendant in state court. **Any amended complaint shall be filed within thirty (30) days from the date of this order. The amended complaint clearly labeled "Amended Complaint" and shall bear only the docket number of the consolidated action, 16-CV-3910(JMA)(ARL). Plaintiff is cautioned that a failure to file an amended complaint within the time allowed will lead to the dismissal of her claims with prejudice and the case shall be closed.**

### III.   CONCLUSION

For the forgoing reasons, the plaintiff's applications to proceed *in forma pauperis* are granted, but the complaints are *sua sponte* dismissed without prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Plaintiff is afforded an opportunity to amend her complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint", bear only docket number 16-CV-3910(JMA)(ARL), and shall be filed within thirty (30) days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

| | |
|---|---|
| **SO ORDERED.** | _/s/ JMA_____ |
| | Joan M. Azrack |
| Dated:  September 28, 2016 | United States District Judge |
|           Central Islip, New York | |